UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS ALLEN JESKE,<br>Petitioner,<br>v.<br>EDWARD BORLA, Warden,<br>Respondent. | Case No. 25-cv-04214-KAW (PR)<br><br>**ORDER OF TRANSFER** |

    Petitioner, a state prisoner who is incarcerated at the California Training Facility in Soledad California, has filed this *pro se* petition for a writ of habeas corpus challenging a judgment of conviction from the Tulare County Superior Court. Dkt. 1. This action has been assigned to the undersigned Magistrate Judge. Dkt. 2. Petitioner has also filed a motion for leave to proceed *in forma pauperis*. Dkt. 5.

    A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

    Here, Petitioner challenges a conviction and sentence incurred in the Tulare County

1  Superior Court, which is within the venue of the Eastern District of California. *See* 28 U.S.C.
2  § 84. Because Petitioner is challenging his conviction, venue for the instant habeas action is
3  proper in the district of conviction. 28 U.S.C. § 2241(d).
4       Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice,
5  this action is TRANSFERRED to the United States District Court for the Eastern District of
6  California.[1] The Clerk of the Court shall transfer the case forthwith.
7       All remaining pending motions are TERMINATED on this court's docket as no longer
8  pending in this district.
9       IT IS SO ORDERED.
10 Dated: August 11, 2025

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

2